PROB 12B
10/05

FILED
2006 Feb-21 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| **Name of Offender:** | Brandon Holland Rogers |
| **Case Number:** | 2:01CR-465-JHH-RRA |
| **Name of Sentencing Judicial Officer:** | Honorable James H. Hancock |
| **Date of Original Sentence:** | March 7, 2002 |
| **Original Offense:** | 18 U.S.C. §2422(b) - Use of Facility of Interstate Commerce to Attempt to Entice a Minor to Engage in Sexual Activity |
| **Original Sentence:** | Custody Bureau of Prisons for a term of fifty-one (51) months as to each of counts 1, 2, 3, 4, 5, 6, 7 and 8, each count to run concurrently with the other; Supervised release for a term of thirty-six (36) months with special conditions |
| **Type of Supervision** | Supervised Release |
| **Date Supervision Commenced:** | January 18, 2006 |

## Petitioning the Court

☐ To extend the term of supervision for years, for a total term of years.

☑ To modify the conditions of supervision as follows:

**Standard Conditions:**

# 15  The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).

PROB 12B

2                                            Request for Modifying the
                                           Conditions or Terms of Supervision
                                              with consent of the Offender

**Name of Offender: Brandon Holland Rogers**                              Case Number: 2:01CR-465-JHH-RRA

# 16   Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

# 17   The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, under the administrative supervision of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment unless the probation officer determines that the defendant does not have the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so).

# 18   The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall

PROB 12B

3    Request for Modifying the
Conditions or Terms of Supervision
with consent of the Offender

**Name of Offender:** Brandon Holland Rogers    Case Number: 2:01CR-465-JHH-RRA

provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

**Special Conditions:**

The defendant shall participate, under the administrative supervision of the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.)

The defendant shall participate in a mental health/vocational rehabilitation programs under the administrative supervision of the probation officer. The defendant shall contribute to the cost of mental health treatment unless the probation officer determines that the defendant does not have the ability to do so.

**CAUSE**

The language in the original conditions has been changed based on U. S. v Heath, 419 F.3d 1312 (11th Cir. 2005).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   February 2, 2006

/s
Eric F. Phillips
Senior U.S. Probation Officer

Approved By:   /s
Vivian H. Davis
Supervising U.S. Probation Officer

PROB 12B
4
Request for Modifying the
Conditions or Terms of Supervision
with consent of the Offender

**Name of Offender:** Brandon Holland Rogers  Case Number: 2:01CR-465-JHH-RRA

**THE COURT ORDERS**

☐ No Action
☐ The Extension of Supervision as Noted Above
☑ The Modification of Conditions as Noted Above
☐ Other

*James H. Hancock*

Senior United States District Judge

February 21, 2006
Date